UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ELLIOT #236879,

    Plaintiff,

v.

KEITH SNYDER,

    Defendant.

_____/

Case No. 2:18-cv-0085

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Michael Elliot pursuant to 42 U.S.C. § 1983. The Court served the Complaint on Defendant Keith Snyder with respect to Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims. (ECF No. 4.) The matter before the undersigned is Defendant's "Motion for Summary Judgment Based on Failure to Exhaust." (ECF No. 7.) For the reasons stated below, the undersigned recommends that Defendant's motion be DENIED.

### Background

In his complaint, Plaintiff alleges that he practices the Native American religion. As part of his religious practices, Plaintiff states that he must burn tobacco – also known as "smudging" – in order to pray. He also states that his religion requires him to purify his body with sage, cedar, and sweetgrass prior to prayer.

Plaintiff has been in segregation for over four years. On July 7, 2016, Plaintiff was told by his unit counselor that Defendant Snyder, the prison chaplain, had

disallowed smudging for any prisoner in segregation. Plaintiff states that Native American prisoners in the general population may smudge and pray weekly as part of their religious practice. Plaintiff alleges that the denial of his ability to practice smudging constitutes a denial of his ability to pray in the manner prescribed by his religious beliefs.

Plaintiff filed one grievance relevant to this case: Grievance #AMF-16-07-1752-27B. (ECF No. 8-3, PageID.61-64.) On July 9, 2016, Plaintiff filed the Step I grievance with an alleged incident date of July 7, 2016. Plaintiff wrote that his religion requires him to smudge in order to pray. He further wrote that when he placed an order for the required herbs, he was told that pursuant to MDOC policy and a memorandum regarding tobacco use Plaintiff was not allowed to "smudge" while housed in segregation. Plaintiff stated that the "Chaplain's interpretation of the memo is wrong." (PageID.64.) The grievance was rejected at Step I because "the content of policy and procedure is non-grievable." (PageID.64.) The rejection was upheld through Step III.[1]

## Discussion

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his *available* administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A

---

[1] *See* MDOC Policy Directive 03.02.130, Prisoner/Parolee Grievances" (effective 07/09/2007). (ECF No. 8-2, PageID.50.)

prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).

Defendant argues that Plaintiff failed to properly exhaust his administrative remedies. He argues that the only grievance related to this case was rejected because it was a non-grievable issue and that the rejection was upheld through Step III. But, it is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *see also Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

Here, Plaintiff made the same allegations in both the grievance and the complaint. After reviewing the grievance, the MDOC determined that Plaintiff's complaints regarding his inability to smudge in segregation is a non-grievable issue. Because Plaintiff cannot grieve non-grievable issues, the undersigned recommends

that Defendant's motion for summary judgment for failure to exhaust (ECF No. 7) be DENIED.[2]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 23, 2019

                                             /s/ *Maarten Vermaat*
                                           MAARTEN VERMAAT
                                           U.S. MAGISTRATE JUDGE

---

[2] Defendant also states in a footnote that the Court could dismiss this case because Plaintiff failed to name any individuals in his grievance. Because Defendant states that this is a non-grievable issue, it is irrelevant that Plaintiff failed to specifically identify Defendant Snyder in the grievance. Nonetheless, Plaintiff identified the chaplain in his grievance. Plaintiff wrote that the chaplain's interpretation of the MDOC policy was wrong and that enforcing the policy in accordance with the chaplain's interpretation violated his constitutional rights. Defendant Snyder is the chaplain. "[T]he purpose of the PLRA's exhaustion requirement 'is to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'" *Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017) (quoting *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)). Plaintiff identifying the chaplain in his grievance served the purpose of the PLRA's exhaustion requirement.