UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ELLIOT,

       Plaintiff,

                                      CASE No. 2:18-cv-85

v.

                                      HON. ROBERT J. JONKER

KEITH SNYDER,

       Defendant.

_____/

**ORDER ADOPTING IN PART**
**REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 42) and Plaintiff's Objection to it. (ECF No. 43). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objection. For a variety of reasons, the

Magistrate Judge recommends that defense motion for summary judgment be granted and this case dismissed.  After performing a de novo review, the Court agrees with the Magistrate Judge that this case is subject to dismissal, though the Court limits the basis for dismissal to two primary reasons.

Plaintiff alleges that he practices the Native American religion and, as part of his religious practices, he must burn tobacco, a practice known as "smudging," in order to pray.  Plaintiff contends that while he was held in administrative segregation at Baraga Correctional Facility, Defendant Keith Snyder, a chaplain employed by the Michigan Department of Corrections, prohibited him from smudging.  It is undisputed that Plaintiff is no longer in administrative segregation.  The remaining claims in this case are against Defendant Snyder on First Amendment and Religious Land Use and Institutionalized Person Act (RLUIPA) claims.

With respect to Plaintiff's First Amendment claims under 42 U.S.C. § 1983, the Court finds it sufficient to dismiss these claims because Plaintiff has not established a First Amendment violation.  *See Dayson v. Caruso*, No. 2:12-CV-455, 2013 WL 1857445, at \*5 (W.D. Mich. May 2, 2013) (no First Amendment violation on prohibition of smudging in prisoners' cells); *Hodgson v. Fabian*, 378 F. App'x 592, 593-594 (8th Cir. 2010) (same); *Fisher v. McGinnis*, 121 F.3d 708 (Table) (6th Cir. 1997) (where Native American received misconduct violations for possessing tobacco in segregation Court of Appeals found "[t]he district court properly dismissed [plaintiff's] constitutional claim regarding the alleged denial of tobacco, because the denial of tobacco to prisoners in punitive segregation is reasonably related to a legitimate penological interest[.]").  In *Wickner*, a case with similar factual allegations, the district court in a thorough opinion found no First Amendment violation where prisoners in segregation were not allowed to practice smudging. *Wickner v. Symmes*, No. CIV 05-2664 DWF/RLE, 2007 WL 426795, at \*4 (D. Minn. Feb. 2,

2007). Plaintiff's attempt to distinguish this line of authority in his Objections is unavailing. Plaintiff suggests there is a difference between his claim he was denied tobacco in segregation with the Magistrate Judge's characterization of events. The Court disagrees. The Magistrate Judge's summation of Plaintiff's contentions and the summary judgment record was accurate. Even if there was a difference between "segregation" and "in cell," as Plaintiff claims, Plaintiff fails to demonstrate how that meaningfully distinguishes the cited authority. Nor does the Court discern any distinguishing consideration. If anything, segregation would ordinarily permit greater restrictions. Accordingly, Defendant Snyder is entitled to summary judgement in his favor on Plaintiff's First Amendment claim.

With respect to Plaintiff's RLUIPA claim on which only injunctive relief is available, Plaintiff objects that he did request injunctive relief. The Court has reviewed de novo Plaintiff's Complaint and, even under the liberal pleading standards for pro se plaintiffs, the Court agrees with the Magistrate Judge that Plaintiff failed to request injunctive relief. Moreover, any injunctive relief is moot because Plaintiff is now out of segregation and in general population where smudging is permitted. Plaintiff's claims are limited to his complaints about administrative segregation.

The Magistrate Judge offers other reasons and justifications for dismissal, but the Court has no reason to reach them

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (ECF No. 42) is **ADOPTED IN PART** to the extent consistent with this Order.
2. Defendant's motion for summary judgment (ECF No. 37) is **GRANTED.**
3. This case is **DISMISSED.**

3

4. The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Dated:   June 4, 2020                      /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE